This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40679**

**LUCY GILLIES, as Personal Representative**
**of the Estate of CHARLES GILLIES,**

      Plaintiff-Appellee,

v.

**ODELIA HEALTHCARE LLC f/k/a CAMINO**
**HEALTHCARE LLC d/b/a/ ODELIA**
**HEALTHCARE f/k/a CAMINO HEALTHCARE;**
**CANYON CREEK HEALTHCARE LLC;**
**and CATHERINE PANNELL, in her capacity**
**as Administrator for Odelia Healthcare,**

      Defendants-Appellants,

and

**THE REHABILITATION CENTER OF**
**ALBUQUERQUE, LLC d/b/a THE**
**REHABILITAION CENTER OF**
**ALBUQUERQUE; GENESIS HEALTHCARE,**
**INC.; GENESIS HEALTHCARE, LLC;**
**GENESIS ADMINISTRATIVE SERVICES, LLC,**

      Defendants.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Elaine P. Lujan, District Court Judge**

Reddick Law, PLLC
Brian D. Reddick
Robert W. Francis
Little Rock, AR

for Appellee

Quintairos, Prieto, Wood & Boyer, P.A.
Frank Alvarez
Dallas, TX

for Appellants

**MEMORANDUM OPINION**

**BOGARDUS, Judge.**

**{1}** Defendants appeal an order denying their motion to dismiss and compel arbitration. That order found that Defendants' motion failed to establish the existence of an agreement to arbitrate between themselves and the decedent whose estate brings this lawsuit. [2 RP 501] This Court proposed to affirm that order, and Defendants have filed a memorandum in opposition to that proposal, continuing to argue that the issue decided by the district court should have been delegated to an arbitrator and that the decedent's daughter, who signed the agreement, had authority to sign it on his behalf. [MIO 2, 7] Having duly considered that memorandum, we remain unpersuaded and affirm.

**{2}** In asserting their delegation argument, Defendants concede that, generally, "the arbitrability of a particular dispute is a threshold issue to be decided by the district court unless there is clear and unmistakable evidence that the parties decided otherwise under the terms of their arbitration agreement." *Felts v. CLK Mgmt., Inc.*, 2011-NMCA-062, ¶ 17, 149 N.M. 681, 254 P.3d 124. [MIO 3] As our proposed disposition noted, however, the contract provision relied upon as a "delegation clause" by Defendants

> makes no reference to the threshold questions typically associated with a delegation clause "such as the validity of an arbitration provision, the scope of an arbitration provision, or whether an arbitration agreement covers a particular controversy." *Hunt v. Rio at Rust Ctr., LLC*, 2021-NMCA-043, ¶ 14, 495 P.3d 634 (internal quotation marks and citation omitted).

[CN 2-3] In their memorandum, Defendants continue to assert that their arbitration agreement covers "any legal dispute" between the parties, and therefore governs "*all legal disputes*," including the question of whether or not the parties to this suit have agreed to arbitration. [MIO 5] Nonetheless, the quoted language does not meet the well-established "clear and unmistakable" standard necessary to contravene the general rule that, before enforcing a contract, courts decide threshold issues regarding the contract. *See Felts*, 2011-NMCA-062, ¶ 17; *Rivera v. Am. Gen. Fin. Servs., Inc.*, 2011-NMSC-033, ¶ 41, 150 N.M. 398, 259 P.3d 803 (same); *Clay v. N.M. Title Loans, Inc.*, 2012-NMCA-102, ¶ 10, 288 P.3d 888 (same); *Castillo v. Arrieta*, 2016-NMCA-040, ¶ 30, 368 P.3d 1249 (same); *Hunt*, 2021-NMCA-043, ¶ 13 (same); *see also State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (explaining that the repetition of

earlier arguments does not meet a party's burden to come forward and specifically point out errors of law or fact in a memorandum opposing a proposed summary disposition).

**{3}**     Defendants also continue to assert that the daughter of the decedent whose estate brings this lawsuit had authority to enter an agreement on behalf of her father. [MIO 7] In doing so, Defendants continue to cite the New Mexico Health Care Decisions Act, NMSA 1978, § 24-7A-5(B)(3) (1997), and to refer to the decedent's alleged "incapacity" and "cognitive deficiencies." [MIO 7, 8] Defendants' memorandum, however, makes no attempt to respond to our proposal to rely upon the absence of

> any set of facts or evidence from which the district court might have found that the father's capacity had been assessed in the manner statutorily required in order to allow his daughter to act as a surrogate. *See* NMSA 1978, § 24-7A-11(C) (2015) (describing procedure).

[CN 5] Defendants' repetition of their vague assertion that the decedent lacked capacity to make healthcare decisions does not meet their burden on appeal. *See Mondragon*, 1988-NMCA-027, ¶ 10

**{4}**     Similarly, Defendants continue to assert that the decedent's daughter represented herself as having her father's power of attorney and as having apparent authority to act on his behalf, in part because the admissions paperwork and other records in Defendants' possession contained such representations. [MIO 8; 2 RP 336; 3 RP 526] As noted in our proposed disposition [CN 4], this argument fails because Defendants are not asserting that the decedent either granted his daughter authority to act as his agent or clothed her in the appearance of such authority. *See Diversified Dev. & Inv., Inc. v. Heil*, 1995-NMSC-005, ¶ 21, 119 N.M. 290, 889 P.2d 1212 (explaining that apparent authority arises from "manifestations by the principal" to the party relying upon such authority).

**{5}**     Finally, Defendants cursorily assert that because the decedent's daughter has been appointed as the personal representative of his estate, she should be bound by the arbitration agreement, either as a third-party beneficiary of that agreement or by way of estoppel. [MIO 9-10] In support of that argument, Defendants direct our attention to *Estate of Krahmer ex rel. Peck v. Laurel Healthcare Providers, LLC*, 2014-NMCA-001, 315 P.3d 298, in which we concluded that a wrongful death representative was bound by an arbitration agreement that would have bound the decedent, had she lived. [MIO 9] The present case is entirely distinguishable, however, because the issue here is whether the decedent was ever bound by an agreement to arbitrate any potential claims against Defendants. *See id.* ¶ 16 (holding that "*[b]ecause [the decedent] was bound to arbitrate her claims* with the nursing home, so is her representative" (emphasis added)). In the present case, Defendants failed to establish that the decedent was ever bound by an agreement to arbitrate.

**{6}**     Ultimately, Defendants' memorandum does not persuade us that our proposed summary disposition was in error. "Our courts have repeatedly held that, in summary

calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law." *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683. Defendants have failed to meet that burden. Thus, for the reasons stated here and in our notice of proposed summary disposition, we affirm the district court's order denying Defendants' motion to dismiss this case and compel arbitration.

**{7}     IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**SHAMMARA H. HENDERSON, Judge**